# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD JEROME SMITH,**

**Plaintiff,**

v.                                                      Case No:   **6:14-cv-482-Orl-28KRS**

**DEPARTMENT OF CORRECTIONS,
INSPECTOR GENERAL, SEAN P.
OLOHAN, SGT. STEPHINE and
MENTAL HEALTH ADMINISTRATION,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

### I.      BACKGROUND.

This cause comes before the Court upon review of a complaint filed by Plaintiff Richard Jerome Smith on March 25, 2014.[1]  Doc. No. 1.  The document is largely unintelligible and unsigned, but it appears that Plaintiff was previously incarcerated and was released on October 28, 2011.  *Id.* at 2.    It appears Plaintiff is attempting to bring an action under 42 U.S.C. § 1983 based on an event that occurred on September 18, 1999, while he was still incarcerated.   Specifically, Plaintiff complains that certain corrections officers beat him and used excessive force.  *Id.* at 2-7, 9.   It is also possible that Plaintiff is complaining about the alleged practice of killing inmates and burying them in mismarked graves and is asking the Court to intervene on behalf of disabled people

---

[1]  The case caption reads, "Richard Jerome Smith vs. Department of Corrections & Inspector General c/o Olohan Sean P. c/o Sgt Stephine Administraction Mental Health In Their Individual Campacity official E.T. A.L."   When Plaintiff's complaint was accepted for filing the Clerk of Court construed it as if the Department of Corrections, the Inspector General, Sean P. Olohan, Sgt. Stephine, and the Mental Health Administration were intended to be the Defendants.

currently in prison pursuant to the Americans with Disabilities Act ("ADA").  *Id.* at 1, 3-4, 8. Plaintiff states that he is seeking $35 billion in monetary damages.  *Id.* at 9.

Plaintiff alleges that he filed a similar lawsuit in 2001, which was dismissed without prejudice.  *Id.* at 2.  Although I have not located a 2001 case for Plaintiff, I take judicial notice of the fact that Plaintiff has filed at least two lawsuits very similar to this one regarding the 1999 incident, both of which were dismissed without prejudice in 2003.  *See Smith v. Sec'y, Fla. Dep't of Corrs.*, No. 3:03-cv-346-TJC at Doc. Nos. 1, 4 (M.D. Fla.) ("*DOC Case*"); *Smith v. Crosby*, No. 3:03-cv-555-HES at Doc. Nos. 1, 9 (M.D. Fla.) ("*Crosby Case*").

Because Plaintiff failed to pay the filing fee, I construe Plaintiff's complaint as if he were asking for permission to proceed *in forma pauperis*.[2]

## II.   LEGAL STANDARD.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").  To state a claim upon which relief can be granted, a plaintiff's complaint must contain sufficient factual content to bring his claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is frivolous within the meaning

---

[2]  On this point, however, I note that Plaintiff has filed multiple lawsuits in this district and is well aware of the requirement to either pay the full filing fee or file a motion to proceed *in forma pauperis* when a case is filed.  *See, e.g.*, *Smith v. Melbourne Police Dep't*, No. 6:14-cv-292-Orl-28KRS, Doc. No. 2 (M.D. Fla. Feb. 25, 2014) (dismissing complaint and noting necessity of paying filing fee or filing motion to proceed *in forma pauperis*); *Smith v. Clerk*, No. 6:13-cv-1734-Orl-28GJK, Doc. No. 2 (M.D. Fla. Feb. 27, 2014) (same).

of §1915(e)(2)(B), if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A complaint may be dismissed as frivolous if an affirmative defense, such as expiration of the statute of limitations, would defeat the action.   *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n.2 (11th Cir. 1990) (citing several examples).   Finally, under Fed. R. Civ. P. 12(h)(3), a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case.   *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). Standing is a jurisdictional issue.   *Callaway v. Hornbake*, No. 2:11-cv-85-FtM-99DNF, 2012 WL 333769, at *2 (M.D. Fla. Feb. 1, 2012) (citing *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)).

## III.    ANALYSIS.

Plaintiff's complaint cannot proceed in its current form and is due to be dismissed for a number of reasons.   First, his § 1983 excessive force claim is barred by the four-year statute of limitations for § 1983 claims in Florida.   *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (citations omitted); *see also Ellison v. Lester*, 275 F. App'x 900, 901-02 (11th Cir. 2008) (cited as persuasive authority) (citation omitted).   It is apparent from the allegations of the complaint that the incident took place in September 1999 – more than 14 years ago.[3]   Accordingly, the § 1983 claim is due to be dismissed as frivolous.   *See Clark*, 915 F.2d at 640 & n.2.   Second, to the extent Plaintiff is seeking to vindicate the rights of inmates who were killed and buried in mismarked graves or the rights of disabled inmates who are currently incarcerated, he lacks standing to do so.   *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (plaintiff generally must assert his own

---

[3] Indeed, Plaintiff made the same allegations in two complaints filed in 2003, thereby confirming that these events happened at least 10 years ago – well outside the statute of limitations.   *See DOC Case* at Doc. No. 1; *Crosby Case* at Doc. No. 1.

legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties).   Third, any claim for damages against the Department of Corrections is barred by Eleventh Amendment immunity.  *See Leonard v. Dep't of Corrs.*, 232 F. App'x 892, 894 (11th Cir. 2007) (citation omitted) (cited as persuasive authority).   Finally, in general, Plaintiff's rambling allegations do not constitute a "short and plain statement of the claim showing that [he] is entitled to relief," *see* Fed. R. Civ. P. 8(a), and fail to bring his claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

Because Plaintiff is proceeding *pro se* and it is at least possible that an amended complaint could cure the defects of the current complaint, he should be given leave to file an amended complaint.   In an amended complaint, Plaintiff should include a case caption that clearly identifies all the individuals and entities that he intends to name as Defendants.   However, Plaintiff should name as Defendants only those individuals or entities who are responsible for the alleged violations. Further, he should clearly describe how each named Defendant is involved in the alleged legal violations in a section entitled "Statement of Facts."   Plaintiff must allege some causal connection between the Defendant named and the injury allegedly sustained.   Also, Plaintiff must allege specifically how he has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Plaintiff should clearly allege the legal basis of the cause(s) of action he wishes to pursue, whether a constitutional provision, treaty, statute, or a common law cause of action.   Each alleged violation should be set forth in a separate count and should only be pursued against the Defendant(s) alleged to be responsible for that particular violation.   Plaintiff should include sufficient facts to show that each of his claims for relief is plausible.   Plaintiff should not seek to assert or institute criminal causes of action.   To the extent Plaintiff is pursuing his § 1983 claim based on incidents

other than the September 1999 incident described above, he should clearly identify the incidents that form the basis of his claim and when they occurred.   Plaintiff should set forth his allegations in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. *See* Fed. R. Civ. P. 10.   Finally, Plaintiff must sign any amended complaint.   *See* Fed. R. Civ. P. 11.

## IV.     RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Plaintiff's complaint without prejudice and **ORDER** Plaintiff to file an amended complaint within a time specified by the Court following its ruling on this Report and Recommendation.   Plaintiff should be advised that failure to file a proper amended complaint within the time specified by the Court may result in the case being closed without further notice.

Plaintiff should also be advised that, if he files an amended complaint, he must either pay the full filing fee at the time of filing or file a completed Application to Proceed Without Prepayment of Costs (Long Form) with his amended complaint.   Accordingly, if the Court adopts this Report and Recommendation, I **FURTHER RECOMMEND** that the Court direct the Clerk of Court to mail a copy of a blank Application to Proceed Without Prepayment of Costs (Long Form) to Plaintiff with its Order on this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 8, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy